# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00259-CR
## NO. 03-03-00260-CR

**Aaron Gregory Johnson, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT**
**NOS. B-02-1012-S & B-02-1013-S**
**HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

A jury found appellant Aaron Gregory Johnson guilty of the aggravated assault of his wife, Sherri Dale Johnson. *See* Tex. Pen. Code Ann. ' 22.02(a)(1) (West Supp. 2004). The jury also found him guilty of intentionally injuring Sherri Johnson=s eight-year-old son, Kenny Dale Rodriguez. *See id*. ' 22.04(a)(3) (West 2003). After finding that appellant had a previous felony conviction, the district court sentenced him to a twelve-year prison term for the former offense and a ten-year prison term for the latter. We will affirm both judgments.

In his sole point of error, appellant urges that the evidence is legally and factually insufficient to sustain the jury=s guilty verdicts. In determining the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). A factual sufficiency review asks whether a neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the proof of guilt is either so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury=s determination. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

At the time of the assaults, appellant and his wife were estranged and living apart. On the night in question, appellant went to Johnson=s residence, they argued, and he attacked her. Johnson testified that appellant repeatedly struck her in the face with his fists. Rodriguez came to his mother=s aid and was also struck by appellant.

Appellant contends the State failed to prove that Johnson suffered serious bodily injury. He points to evidence showing that she was never unconscious and was not hospitalized. He also notes that Johnson=s skull was not fractured and she did not suffer any brain damage. She had Amoderate to severe bruising@ and Aonly had to have five stitches.@

Dr. Stephen Smith treated Johnson two days after the assault and continued to see her on a monthly basis up to the time of trial six months later. He testified that because of the blows to her jaw, Ashe

cannot open her mouth as you=d expect someone her age@ and Awas still having significant trouble eating or talking.@ Smith said he was worried that Johnson would experience chronic jaw problems. Smith referred Johnson to Dr. Thomas Jeter, an oral and maxillofacial surgeon. Jeter testified that he examined Johnson three times, the most recent visit being three months after the assault. He said that Johnson was experiencing muscle spasms in her jaw that limit her ability to open her mouth and chew. He expected these spasms to come and go Afor a number of years if not forever.@

The medical testimony is sufficient to support a finding that Johnson suffered a protracted impairment of her mouth and jaw as a result of the blows inflicted by appellant. *See* Tex. Pen. Code Ann. ' 1.07(a)(46) (West Supp. 2004) (defining Aserious bodily injury@). The evidence cited by appellant does not contradict or outweigh this testimony, nor does it otherwise undermine confidence in the jury=s determination. The evidence is legally and factually sufficient to support appellant=s conviction for causing serious bodily injury to Sherri Johnson.

Appellant struck Kenny Dale Rodriguez on his back when the boy came to his mother=s aid. Rodriguez testified that the blow Ahurt.@ Two other witnesses testified that they saw a Apurplish red mark@ or bruise on Rodriguez=s back. Appellant asserts that this evidence is not sufficient to prove that the child suffered Aintentional bodily injury.@ To the contrary, we find this evidence to be both legally and factually sufficient to prove that appellant caused physical pain to Rodriguez. *See id*. ' 1.07(a)(8) (defining Abodily injury@). Appellant does not refer us to any evidence suggesting that he did not intend to hurt the child, and we find none. The evidence is legally and factually sufficient to support appellant=s conviction for intentionally causing bodily injury to Kenny Dale Rodriguez.

The point of error is overruled and the judgments of conviction are affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Kidd and Puryear

Affirmed

Filed:   February 20, 2004

Do Not Publish